UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ROBERT L. TOLAR

VERSUS

GREIF, INC.

CIVIL ACTION

NUMBER 12-6-FJP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 9, 2012.

                                   STEPHEN C. RIEDLINGER
                                   UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT L. TOLAR

VERSUS

GREIF, INC.

CIVIL ACTION

NUMBER 12-6-FJP-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the plaintiff's Motion to Remand. Record document number 5. The motion is opposed.[1]

For the reasons which follow, the plaintiff's motion should be denied.

**Background**

Plaintiff filed a Petition for Damages in state court naming Greif, Inc. as the defendant. Plaintiff alleged that he is domiciled in Ascension Parish, Louisiana and that defendant Grief is a "Louisiana company, domiciled in the Parish of Ascension."[2] Plaintiff alleged he started working for the defendant through a temporary employment service. Although unclear, apparently the plaintiff hoped or expected the job would become permanent. Plaintiff alleged he was wrongfully terminated after he complained about safety issues and removed a company truck from service.

---

[1] Record document number 6.

[2] Record document number 1-2, ¶¶ 2, 3.

Plaintiff alleged he was not paid for 45 minutes he worked on June 20, 2011. Plaintiff sought recovery of pay for the 45 minutes, damages,[3] statutory penalties and attorney's fees.[4] Plaintiff sought recovery for the following categories of damages:

1. Mental anguish and distress-past[,] present and future;
2. Medical and pharmaceutical expenses-past, present, and future;
3. Past and future lost wages and loss of earning capacity;
4. Apprehension of not being able to support his family;
5. Inconvenience;
6. Fear and fright;
7. Embarrassment, humiliation, and aggravation;
8. And other such damages as may be allowed under Louisiana law.[5]

Defendant removed the case, asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Defendant alleged that it is a Delaware corporation with its principal place of business in Ohio. Defendant asserted that the amount in controversy is more than $75,000. Based on the wage rate for the plaintiff's position[6] and a 40-hour work week, the defendant calculated the annual pay for the position at about $30,160. Defendant asserted that if the plaintiff prevails in this

---

[3] *Id.* at ¶¶ 18, 20 and 21.

[4] *Id.* at ¶ 17, citing LSA-R.S. 23:632.

[5] *Id.* at ¶ 21.

[6] Record document number 1-3, Exhibit 2, Declaration of Christi Nelson.

case and is awarded back pay and front pay (assuming a January 2013 trial date and front pay for three years), his recovery could be as much as $135,720 for just lost wages.[7]

Plaintiff moved to remand, arguing the amount in controversy is not sufficient to support diversity jurisdiction.[8] Plaintiff also sought an award of expenses incurred in connection with the motion.

Defendant opposed the motion, arguing the plaintiff has no evidence to show that it is a Louisiana citizen and in fact it is undisputed that it is a citizen of Delaware and Ohio. Relying on its back and front pay calculations, the defendant maintained that the plaintiff's demands for lost wages and other damages, plus statutory penalties and attorney's fees, is more than enough to satisfy the amount in controversy requirement of § 1332.

### Applicable Law

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reg. denied*, 70 F.3d 26 (5th

---

[7] Record document number 1, pp. 2-3, ¶ 7.

[8] Plaintiff also argued that federal question jurisdiction does not exist. Record document number 51-1, p. 2. Since the defendant did not remove the case based on federal question jurisdiction, and did not rely on federal question jurisdiction to oppose the plaintiff's motion, this argument does not need to be addressed.

Cir. 1995).

Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages, the Fifth Circuit has established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. *Id.; Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.; Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685

4

(1994). However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

Louisiana Code of Civil Procedure article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required." Failure to include an allegation pursuant to Article 893(A)(1) is a factor the court must consider, but alone it is not enough to establish that the jurisdictional amount is satisfied. *See*, *Weber v. Stevenson*, 2007 WL 4441261 (M.D. La. Dec. 14, 2007).

There is no automatic entitlement to an award of attorney fees under 28 U.S. C. § 1447(c). The clear language of the statute,

which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

## Analysis

Insofar as the plaintiff argued that there is no diversity of citizenship (and it is not clear that she did), the no-diversity argument is factually unsupported. Plaintiff alleged he is domiciled in Louisiana, which is usually understood to be equivalent to being a citizen of the state. In any event, in the Notice of Removal the defendant alleged the plaintiff is a Louisiana citizen and that allegation is not contested.

Plaintiff offered no support for the proposition that because the defendant does business in Louisiana, and allegedly caused injury in Louisiana to a Louisiana citizen, it a Louisiana citizen for the purpose of § 1332. Under § 1332(c), and in the circumstances of this case, a corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." Plaintiff has offered no evidence to challenge the defendant's allegation and evidence showing that it is a citizen of Delaware and Ohio. Consequently, the defendant has shown that there is complete diversity of citizenship between the plaintiff and the defendant.

Defendant has also shown that the necessary amount in controversy is present. The cases cited by the defendant persuasively show that the court may consider the plaintiff's wage rate to calculate the potential recovery for lost wages when

determining the amount in controversy.[9] Plaintiff did not offer any evidence to dispute that the pay rate for the job he had was $14.50 per hour. Nor did the plaintiff show that the defendant's lost wage calculation is factually unsupported or is otherwise unreasonable. Plaintiff has not shown to a legal certainty that his recovery for lost wages would be less than $75,000.

But even if his lost wage recovery would be for less, even for half of what the defendant calculated, an award of a modest amount for the other categories of damages would bring his overall recovery above what is required under § 1332.

Finally, the court must consider that the plaintiff failed to include in his Petition for Damages a statement that his claim is for less than the amount required for federal court jurisdiction, and he did not file with his petition a binding stipulation limiting his damages to less than $75,000. These facts add support to the conclusion that the required amount in controversy is present.

## Conclusion

Defendant has shown there is complete diversity of citizenship between the plaintiff and the defendant, and the amount in controversy required by § 1332 is present. Consequently, the

---

[9] *Richey v. Wal-Mart Stores, Inc.* 390 Fed.Appx. 375 (5th Cir. 2010); *Shaw v. Wal-Mart Louisiana, LLC*, 2011 U.S. Dist. LEXIS 55307 (E.D.La. 2011).

defendant has also shown that its removal was objectively reasonable.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiffs' Motion to Remand be denied.

Baton Rouge, Louisiana, February 9, 2012.

_Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE